UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF

| | | |
|---|---|---|
| TARJAC, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 4:10-cv-00014-HL |
| | * | |
| IMMERSION GRAPHICS CORPORATION, | * | |
| | * | |
| | * | |
| Defendant. | * | |

### ORDER ON PLAINTIFF'S
### MOTION FOR TEMPORARY RESTRAINING

      Simultaneous with TARJAC, INC.'S ("Tarjac") filing of its Verified Complaint for Injunctive Relief and Monetary Damages against IMMERSION GRAPHICS CORPORATION ("IGC"), Tarjac filed its Motion for Temporary Restraining Order seeking an order from this Court, inter alia, temporarily enjoining IGC from terminating Tarjac's License and Sales Agreement dated May 7, 1999, as amended (the "Exclusive License Agreement").

      The parties have conferred and have reached an agreement with regard to this Court's issuance of a Preliminary Injunction in response to said Motion.

      Upon review of the pleadings propounded by both parties, the Court finds that there exists a possibility of irreparable injury being suffered by Tarjac, if IGC is permitted to terminate the Exclusive License Agreement. The Court further finds that such threatened injury to Tarjac if such Exclusive License Agreement is terminated by IGC outweighs whatever harm a Preliminary Injunction may cause IGC. Finally, the Court finds that the issuance of a Preliminary Injunction will not be adverse to the public interest. The Court, through this Consent Order, does not express an opinion as to whether there is a substantial likelihood that Tarjac will ultimately prevail on the merits of its Complaint. Based upon the foregoing and the consent of Tarjac and IGC, the Court deems it

appropriate to issue a Preliminary Injunction during the pendency of this litigation.

IT IS HEREBY ORDERED that, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, a Preliminary Injunction is issued in favor of Tarjac upon the following terms and conditions:

1. No security is required of Tarjac as contemplated by Rule 65(c) of the Federal Rules of Civil Procedure.
2. This Preliminary Injunction shall remain in force and effect until a final resolution of this litigation or until further order of this Court.
3. IGC will continue to provide to Tarjac technical support as required by and in accordance with the Exclusive License Agreement.
4. IGC will continue to sell film to Tarjac for Tarjac's exclusive use in decorating hunting industry products and for the non-exclusive use in decorating hunting related products, both in accordance with the Exclusive License Agreement.
5. IGC will continue to sell film to Tarjac in accordance with IGC's 2010 price schedule as provided to Tarjac prior to IGC's termination notice dated January 19, 2010. Thereafter, any price increases imposed by IGC upon Tarjac shall be in accordance with the Exclusive License Agreement.
6. Tarjac will timely remit payment to IGC for Tarjac's purchases of film, such payment to be made in accordance with the Exclusive License Agreement.
7. Upon a trial of this matter, neither party will assert a claim for monetary damages as a result of IGC's termination of the Exclusive License Agreement, save and except each party's right to assert a claim for their litigation expense, as hereinafter set forth.
8. Upon a trial of this matter, the prevailing party shall be entitled to recover its litigation expenses in an amount equal to the lesser of the actual amount of litigation expenses proven to have been incurred by such prevailing party or

9. IGC, during the pendency of this litigation, will not license any third party to decorate hunting industry products with the Final Finish® process in such a manner that would be in violation of the Exclusive License Agreement.

10. To the extent such other terms of the Exclusive License Agreement are not in conflict with this Preliminary Injunction, all other terms of the Exclusive License Agreement shall remain in full force and effect and shall be binding upon the parties.

11. The parties shall diligently conduct discovery in order to allow a trial of this matter to occur prior to December 31, 2010, subject to the Court's schedule.

12. Nothing contained in this Order shall alleviate the parties from their

compliance with the Court's Rules 16 and 26 Order dated February 23,

SO ORDERED, this 3rd day of March, 2010

*s/  Hugh Lawson*
HON. HUGH LAWSON
United States District Court
Middle District of Georgia – Columbus Division

| BUCHANAN & LAND, LLP | ROBERT R. LOMAX, LLC |
|---|---|
| By: s/ Jerry A. Buchanan | By: s/ Robert R. Lomax |
| JERRY A. BUCHANAN | ROBERT R. LOMAX |
| GA Bar No.: 753147 | GA Bar No.: 456239 |
| Attorney for Tarjac, Inc. | Attorney for Immersion Graphics |

Post Office Box 2848     Post Office Box 2339
Columbus, Georgia 31902   Columbus, Georgia 31902
(706) 323-2848        (706) 322-0100